IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DANIEL KANG,<br><br>    Plaintiff,<br><br>-vs-<br><br>THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH and ROY W. MINTER, JR., Chief of Police for the City of Savannah, Georgia, In His Individual and Official Capacities,<br><br>    Defendants. | Civil Action No.  4:21-cv-111-RSB-CLR<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF HIS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

COMES NOW, Plaintiff Daniel Kang, through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 72(a), and all other applicable law, hereby files this his Reply Brief in Further Support of His Objections to the Magistrate Judge's Order, showing as follows:

**1.     The PowerPoint - Plaintiff's Exhibit 39**.

Defendant Minter makes the following statement:

**In his opposition to Defendant's Motion to Strike, Plaintiff argued that the document was not requested during discovery**.  Following the Order, in which the Magistrate Judge thoroughly refuted this argument, **Plaintiff now concedes that the document was requested in discovery but was produced late,** arguing that the late production was harmless because Plaintiff stated during his deposition that he used a PowerPoint presentation during his first appeal meeting to raise procedural concerns about his termination and Defendant Minter even without the document - "was not

denied the ability to explore this contention during his examination of Kang."

(Doc. 157 at 3-4) (emphasis added). As to the highlighted language, nowhere in Plaintiff's objection is there a statement which could be read as a change of position regarding the timing of the production of the document or whether it was produced during discovery or produced late.

The Plaintiff's statement of what happened with the PowerPoint presented during his first "appeal" to Chief Minter has remained consistent. In his Response to Minter's Motion to Strike, he pointed to his testimony regarding the first appeal to Chief Minter, and testified that he raised issues of due process during that appeal. Then

> [a]t that point, counsel for the City - and not counsel for Minter - asked Kang if he would look for the first Power Point presentation and produce it if he could find it. [cits]
>
> Mr. Kang was eventually able to find the first Power Point presentation, and produced it on July 18, 2023.

(Kang Response to Minter Motion to Strike, Doc. 138 at 2). The Plaintiff has never argued that the document was produced during discovery, and Plaintiff's review of the response to Minter's Motion to Strike does not include a statement that the document was not requested during discovery. The briefing explained how and when the document came to be produced.[1]

---

[1] In his Motion to Strike, Defendant Minter makes the representation that the Power Point was not produced, "despite repeated requests during discovery." (Doc. 132 at p. 3). Defendant provided no support for this contention - there is no email or any

This reply is necessitated by the language employed by Chief Minter, to correct any false impression created by the rhetoric employed.

**B.     The Magistrate's "Standard Procedures for Discovery Disputes."**

Defendant Minter's Motion to Strike invoked the authority of Federal Rules of Civil Procedure 37.  (Doc. 132 at 2).  The Magistrates' Standard Procedures for Discovery Disputes require the parties to invoke an informal procedure prior to filing a discovery motion.  Where the procedure applies, the parties must first submit their disputes informally to the Magistrate, who conducts a conference with the parties/counsel, and evaluates the issues.  If this process is unsuccessful in reaching resolution of the dispute, then at that point, the parties have ten days to "file a discovery motion upon the docket."  Chief Minter did not invoke this procedure in filing his Motion to Strike.

By its terms, the Magistrate's "Standard Procedures for Discovery Disputes" applies:

---

other correspondence or request cited where Defendant Minter asks for this version of the Power Point.

In his response to this allegation in the Motion to Strike, Plaintiff stated that "The request was a single request, made during Kang's deposition, and once the prior version was found, it was provided." (Doc. 138 at 2).  No evidence contradicts when the specific request was made.

>to motions filed pursuant to Federal Rule of Civil Procedure 37, but is also applicable to motions for a protective order pursuant to Rule 26 and motions to quash / compel a subpoena—if the place of compliance is this District—pursuant to Rule 45.  This procedure does not apply to those proceedings exempt from initial disclosure under Rule 26(a)(1)(B), cases where there is at least one unrepresented party, or Daubert motions and motions to strike experts.  However, the Court may at its discretion apply this procedure to any discovery dispute regardless of case type upon notice to the parties.

(https://www.gasd.uscourts.gov/sites/gasd/files/Third-Amended-SOP-MAGISTRATE-JUDGE-RAY-Revised.pdf).

Again, Chief Minter misrepresents the argument.  The Plaintiff did not argue that Chief Minter was required to file a motion to compel in order to obtain the documents.  The Plaintiff argues that Chief Minter was to follow the Standard Procedures prior to filing the Motion to Strike.  If this procedure applies to motions filed under Rule 37 of the Federal Rules, then the procedures apply to the Motion to Strike.

This process would have afforded the parties an opportunity to reach a resolution which would have ameliorated any claimed prejudice by Chief Minter.

C.     **The Admissibility of Depositions.**

One of the issues addressed by the Magistrate was whether the Plaintiff, in responding to the Defendant's Motion for Summary Judgment, could rely on testimony given by certain witnesses in depositions taken in a related case, filed by Darryl Faitele against the City of Savannah, Kang and Sgt. Arango, in the State Court of Chatham County, Georgia, Civil Action No. STCV22-00621.

The Plaintiff placed copies of the following transcripts of depositions taken in the <u>Faitele</u> case in the record in this case: Assistant Chief Devonn Adams (Ex. 45), Captain David Barefield (Ex. 46), Darryl Faitele (Ex. 47), Robert Gavin (Ex. 48), Robert Larry (Ex. 49) and Shariff Lockett (Ex. 50). Each of these individuals was identified as a witness in this case, and could be called at trial to testify. Chief Minter did not chose to depose these individuals.

In his reply Brief, counsel for Chief Minter made the following statement:

> Finally, it should be noted that **Plaintiff once again states in his objection that "[e]ach of these individuals was identified as a witness in this case, and could be called at trial to testify."** (Objection at 6). While Plaintiff's substantive argument is unavailing, **his factual representation - which he has repeatedly made - is also not accurate where two of the deponents - Robert Gavin (Ex. 48) and Robert Larry (Ex. 49 - were not identified by the Plaintiff at witnesses during discovery.**

(Minter's Reply, Doc. 157 at 6) (emphasis added).

It is Chief Minter's factual representation which is not accurate. In fact, Robert Gavin and Robert Larry were identified in Plaintiff's Response to Defendant Minter's Second Interrogatories, which was served on Chief Minter's counsel on Tuesday, July 12, 2022. (A copy of the transmittal email is attached hereto as Exhibit 1; a copy of the interrogatory responses is attached hereto as Exhibit 2, at p. 5).

## **CONCLUSION**

For the forgoing reasons, and for those cited in the Plaintiff's Response to Chief Minter's Motion to Strike (Doc. 138), and in his Objections to the Magistrate's Order (Doc. 150), the Plaintiff requests that his Objections to said order be sustained.

THIS THE  23rd  DAY OF  FEBRUARY , 2024.

                              SAVAGE & TURNER, P.C.

                         By:    **/s/ Kathryn Hughes Pinckney**
                                  Brent J. Savage
                                  Georgia Bar No. 627450
                                  Kathryn Hughes Pinckney
                                  Georgia Bar No. 376110

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140

## CERTIFICATE OF SERVICE

This is to certify that I have on this day filed electronically with the Clerk of the Court the foregoing. By filing in the CM/ECF system, I have thereby served by email all of the parties in this case through the following counsels of record:

*Attorneys for Defendant The Mayor and Alderman of the City of Savannah:*

R. Bates Lovett
Jennifer N. Herman
blovett@savannahga.gov
jherman@savannahga.gov

Patrick T. O'Connor
Patricia T. Paul
K. Elizabeth Holland
pto@olivermaner.com
ppaul@olivermaner.com
eholland@olivermaner.com

*Attorneys for Defendant Chief Minter:*

Shawn A. Kachmar
Taylor L. Dove
Anita Harris
skachmar@huntermaclean.com
tdove@huntermaclean.com
aharris@huntermaclean.com

THIS THE  23rd  DAY OF  FEBRUARY , 2024.

SAVAGE & TURNER, P.C.

By:    /s/ Kathryn Hughes Pinckney
Brent J. Savage
Georgia Bar No. 627450
Kathryn Hughes Pinckney
Georgia Bar No. 376110

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
Fax: (912) 232-4212
bsavage@savagelawfirm.net; lhatcher@savagelawfirm.net
kpinckney@savagelawfirm.net
*Counsel for Plaintiff*