IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DANIEL KANG, <br><br> Plaintiff, <br><br> v. <br><br> THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, and ROY W. MINTER, JR., <br><br> Defendants. | CIVIL ACTION NO.: 4:21-cv-111 |

**O R D E R**

The Magistrate Judge granted, in part, and denied, in part, Defendant Roy Minter's Motion to Strike certain exhibits from Plaintiff's Response to Minter's Motion for Summary Judgment. (See generally doc. 147.) Plaintiff has objected to that Order, (doc. 150), Defendant has responded to Plaintiff's objection, (doc. 157), Plaintiff has replied, (doc. 165),[1] and Defendant has sur-replied, (doc. 169). For the following reasons, Plaintiff's objections are **OVERRULED**. The Magistrate Judge's Order granting, in part, and denying, in part, Defendant's Motion to Strike is **AFFIRMED**. (Doc. 147.)

**STANDARD OF REVIEW**

The Magistrate Judge's Order on the Motion to Strike is subject to the deferential clearly erroneous standard of review. The statute governing referrals to the Magistrate Judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to

---

[1] Plaintiff filed two identical versions of his Reply Brief in further support of his Objections to Magistrate Judge's Order. (Compare doc. 164 with doc. 165.)

>  dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

## ANALYSIS

After Plaintiff filed his Response to Defendant Minter's Motion for Summary Judgment, (doc. 119), Defendant Minter moved to "strike" certain exhibits attached to the Response, (doc. 132). The Magistrate Judge granted, in part, and denied, in part, Defendant's Motion. (Doc. 147.) The Order excluded Exhibits 39, 45, 46, 47, 48, 49, 50, 64, and 70 to Plaintiff's Response, and acknowledged that Exhibit 40 was withdrawn. (Id., pp. 13-14.) Plaintiff objects to the Magistrate Judge's decision to exclude Exhibit 39, a copy of a PowerPoint presentation, Exhibits 45 through 50, copies of depositions taken in another lawsuit, and Exhibit 64, a transcript prepared by Plaintiff's counsel of an August 2020 press conference. (See generally doc. 150.) Plaintiff does not object to the exclusion of Exhibit 70. (See generally id.; see also doc. 157, p. 1 n.1.) Although Plaintiff identifies the correct standard of review, (see id., pp. 2-3), as explained

below, he does not identify any clear error in the Magistrate Judge's Order, or any failure to follow or misapplication of the applicable law.

**Exhibit 39**

The Magistrate Judge excluded Exhibit 39, a PowerPoint Presentation dated July 23, 2020 titled "Termination Appeal," because it was subject to production during the discovery period, was not produced until four months after the close of discovery, and the failure to produce it was not substantially justified or harmless under Federal Rule of Civil Procedure 37.  (Doc. 147, pp. 3-6.) Plaintiff objects to the exclusion, which he correctly notes is "in the nature of a 'discovery sanction,'" because Defendant Minter did not invoke the Magistrate Judge's "Standard Procedures for Discovery Disputes." (Doc. 150, p. 4.)  He additionally argues the failure to produce the document during the discovery period was harmless, since he mentioned the PowerPoint during his deposition, and therefore the document should be considered by the Court.  Neither of these arguments show that the Magistrate Judge's decision was either clearly erroneous or contrary to law.

As to Minter's failure to invoke the Magistrate Judge's standard procedures, Plaintiff did not raise this issue in response to Minter's Motion to Strike.  (See doc. 138.)  The Court "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."  Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).  Even if the Court were to consider the argument, it does not require modification or reversal of the Magistrate Judge's Order.  Since Plaintiff produced the document four months after the close of discovery, and only after Minter filed his Motion for Summary Judgment, the dispute did not reach the Court in the context of discovery; instead, Plaintiff's dilatory production resulted in Minter challenging the document as an exhibit to a summary judgment response.  That the Magistrate Judge disposed

3

of the parties' dispute without adhering to his own, arguably inapplicable in this instance, standard procedure does not render his Order clearly erroneous or contrary to law.

Plaintiff's second argument is similarly unavailing.  The Magistrate Judge correctly observed that Plaintiff failed to produce the document during the discovery period, and correctly applied the Rule 37 framework to determine whether that failure was substantially justified or harmless.  (See doc. 147, pp. 5-6.)  Plaintiff's sole substantive argument is that Minter should not have been surprised by the contents of the untimely document, and therefore cannot claim he was harmed by the late production.  (Doc. 150, p. 5.)  The Magistrate Judge confronted the timeline of Plaintiff's production, applied the correct standard, and determined the late production was not harmless.  (Doc. 147, p. 6.)  Plaintiff does not point to any part of the Magistrate Judge's analysis that is either clearly erroneous or contrary to law.  (Doc. 150, pp. 3-5.)  Therefore, his Order excluding Exhibit 39 stands.

### **Exhibits 45, 46, 47, 48, 49, & 50**

Plaintiff attached copies of six deposition transcripts to his Response to Defendant Minter's Motion for Summary Judgment, all taken during a separate state court proceeding.  (Docs. 119-45, 119-46, 119-47, 119-48, 119-49, & 119-50.)  The Magistrate Judge granted Defendant's request to exclude them, acknowledging that "[d]epositions taken in a separate proceeding may be used, but only where the cases involve 'the same subject matter between the same parties, or their representatives or successors in interest . . . .'"  (Doc. 147, p. 10 (quoting Fed. R. Civ. P. 32(a)(8)).)  Because Minter is not a party to the state court proceeding, and did not have the opportunity to attend and participate in the depositions in that proceeding, the Magistrate Judge found "[t]he depositions proffered by Plaintiff do not meet the criteria . . . ."  (Doc. 147, p. 10.)  In support of that conclusion, the Magistrate Judge cited to the Eleventh Circuit's decision in

Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 751 (11th Cir. 2002) abrogated on other grounds by Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc., 593 F.3d 1249 (11th Cir. 2010), where the appellate court applied Federal Rule of Civil Procedure 32(a) and Federal Rule of Evidence 804(b)(1) to determine whether the district court erred in considering depositions from another case on summary judgment.  (Doc. 147, p. 11.)   Other district courts within the Eleventh Circuit have done the same.  See Murray v. Birmingham Bd. of Ed., 172 F. Supp. 3d 1225, 1235 (N.D. Ala. 2016) (applying Rule 32(a) to determine whether depositions from a prior proceeding could be considered on summary judgment); Nationwide Mut. Fire Ins. Co. v. Kaloust Fin., LLC, 2013 WL 1437985, at *2 (M.D. Fla. Apr. 9, 2013) (applying Rule 32(a)(8) in analyzing a motion to strike depositions from a separate action attached as exhibits to a motion for summary judgment).[2]   The Magistrate Judge correctly applied that same framework to determine whether the depositions from the state court proceeding are appropriately considered in response to Minter's Motion for Summary Judgment, and found they were not.  (Doc. 147, pp. 9-11.)

Plaintiff's objection does not dispute that Minter was not a party to the state court case. (See doc. 150, p. 9 (arguing the depositions were attended and defended by counsel for another defendant, but not Minter).)   He conclusorily states that Minter and his co-defendant's "interests are clearly aligned," but does not explain how that alters the application of Rule 32(a).  (See id.) Additionally, Plaintiff cites to non-binding, out-of-circuit district court cases that adopt a "common sense approach" in considering deposition testimony from other actions and urges the Court to adopt the same approach.  (Id., pp. 7-8.)   However, the Court must follow the binding Eleventh Circuit precedent applying Rule 32(a) in this context.   Plaintiff does attempt to distinguish that

---

[2]   The Middle District of Florida superseded and amended its Order as it related to other motions, but expressly affirmed its Order as to the Motion to Strike.  Nationwide Mut. Fire Ins. Co. v. Kaloust Fin., LLC, 2013 WL 3270410, at *1 n.1 (M.D. Fla. June 26, 2013).

precedent, arguing that the Court in Matthews applied Federal Rule of Evidence 804(b)(1), which governs the admissibility of deposition testimony when the declarant is unavailable as a witness, and the deponents here are not unavailable.  (Doc. 150, pp. 8-10.)   As the Magistrate Judge points out, (doc. 147, p. 11), that seems to argue *against* potential admissibility, since Rule 804 provides *exceptions* to the hearsay rule, and arguing against inclusion into one of those exceptions does not advance Plaintiff's goal of admissibility.   See Fed. R. Evid. 802, 804.   Overall, Plaintiff has not identified any clear error in the Magistrate Judge's analysis or successfully argued that it is contrary to binding law.   Therefore, his objections are overruled and the exclusion of Exhibits 45, 46, 47, 48, 49, & 50 stands.

**Exhibit 64**

Plaintiff's Exhibit 64 is a transcript, prepared by Plaintiff's counsel, of an August 7, 2020 press conference.  (Doc. 147, pp. 7-8; see also doc. 119-64.)   The Magistrate Judge excluded it because it was not produced in discovery, and Plaintiff did not meet his burden of showing that failure was harmless or substantially justified.   (Doc. 147, pp. 7-8.)   Plaintiff objects because "the transcript is provided for ease of reference," since the video footage of the same press conference is also in the record.   (Doc. 150, p. 10.)   Plaintiff also argues Minter "cannot be prejudiced by this transcript" since he participated in the press conference.   (Id.)   Plaintiff does not point to anything in the Magistrate Judge's Order that is clearly erroneous or contrary to law.   His disagreement with the Magistrate Judge's determination that Plaintiff failed to meet his burden of showing his failure to produce the transcript during discovery was harmless is not sufficient.   His objection is, therefore, overruled and the Magistrate Judge's exclusion of Exhibit 64 stands.

## CONCLUSION

Accordingly, the Court **OVERRULES** plaintiff's objections, (doc. 150), and **AFFIRMS** the Magistrate Judge's Order, (doc.147). Defendant Minter's renewed Motion for Summary Judgment remains pending. (Doc. 152; see also docs. 159, 167, 170, 173.)

**SO ORDERED**, this 10th day of April, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA